May it please the court, my name is James Spertus, representing Movement Appellant Tamer Ibrahim, and present with me at counsel table is Attorney Ronald Richards, who is also on the brief. Counsel, could you move the microphone up a little higher? I'm having trouble hearing you. I apologize, Your Honor. Is this more acceptable? Yes. My name is James Spertus, appearing for Movement Tamer Ibrahim, and present with me at counsel table is Attorney Ronald Richards. Your Honor, we have briefed two essential issues on appeal. The government, and I'm going to try to reserve two minutes for rebuttal. The government in 1999 seized a sum of United States currency and other property from a defendant who was subsequently prosecuted, convicted, and sentenced. As part of that seizure, the government sent a notice of forfeiture to the wrong individual, Movement's cousin John Ibrahim, who was separately sentenced before a separate court. At Movement's sentencing, the government argued that $981,000 approximately had been seized. Appellant concurred in that position. The probation officer recommended the court find that the amount of seizure was $981,000 in the pre-sentence report. Could I jump to – I think we're familiar with the facts of the case. Could I jump to the motion to return property that your client made, which the district court then reconstrued as a motion to summary judgment, and as such denied it. He said there was – or the government's motion for summary judgment was denied on the grounds that there was a disputed issue of material fact, and at that point sent the government off to take depositions or granted the government's request to take depositions. Now, had the claimant, had your client made any requests to do discovery or had made any agreements that the district court could then resolve the matter on the merits, as the district court did in the next hearing? There were no agreements that the case could be resolved on the merits. The claimant believed that the case was moving to an evidentiary phase of the case, and then on January 2nd, the district court just issued an order denying the motion for return of property. Could you explain what you mean that you understood it was moving to an evidentiary phase? Were you entitled to get discovery or to depose witnesses as the government had done? The movement should have been entitled to conduct discovery. The movement, at a minimum, is entitled to a trial on the actual notice issue. The issue of whether or not the notice sent to Moven's cousin provided him with actual notice so that he can perfect his interest in an administrative forum was the subject of – it was hotly contested, and Moven is entitled to a trial on the actual notice issue. Did your client request any discovery or depositions as the government did at any point? No. The Moven did not expect that the court would simply declare in its January 2nd order that he had actual notice. This case somewhat evolved from very confusing briefing at the – in response to the motion. There was one single hearing. It wasn't an evidentiary hearing where the government was arguing that John Abraham and Tamer Abraham were the same person, that they had given notice to the owner of the property. And counsel for Moven at the time spent a tremendous amount of energy just trying to unwind those facts. So the case was not properly framed until after the court's September rulings, where the court found that the government was negligent and did, in fact, not give notice to the owner of the property. There were a lot of reasons why the owner of the property was identified and was entitled to actual notice and never received it. However, then in response to that September ruling, the government claimed an exception to the actual notice requirement by saying that John Abraham may have informed the Moven of the forfeiture proceedings and the time, place, and manner to make a claim. And so the government was permitted limited discovery, two depositions, to try to make that claim. And the court then just issued an order finding actual notice. Now, what would your client have requested by way of discovery if the district court had then moved on towards trial? Was there additional discovery or evidence that your client intended to develop? Well, he certainly would have explored that. I mean, apparently there are recordings that he could have subpoenaed there from the Metropolitan Detention Center. For example, the government submitted some recordings before the notice was ever sent that suggested that my client knew of generalized forfeiture proceedings. There would have been an opportunity to confirm and cross-examine government witnesses at the time of the seizure. They were informed that John Abraham had no interest in the property at the time of the 1999 seizure. The court would have been able to evaluate demeanor evidence, certainly in an evidentiary hearing. I mean, one of the foundations of the court's January 2nd order was that it found my client to be not credible. But the court did that based on deposition transcripts rather than being able to assess the demeanor of Tamer Abraham. And so the credibility findings that underlie the January 2nd order for a hotly disputed issue, whether or not Tamer Abraham had actual notice of the forfeiture proceedings, would have been presented in a much different way if there had been an evidentiary hearing or a trial. And I submit it should be a jury issue. And even if it's not, in the briefs I say at a minimum, the court should evaluate the demeanor before making credibility findings that underlie a decision. So the actual notice issue, because it's so hotly contested, needs to be resolved either by a 12B6 motion, which it doesn't apply here because the parties clearly went outside the pleadings, or a Rule 56 motion for summary judgment. The trial would follow if the court denied summary judgment on the ground that this actual notice issue was hotly contested and creates disputed issues. Only if there are no disputed issues could the court then resolve under Rule 56 the issue on summary judgment. And here the court, I mean, the government itself admits in its briefing that the court didn't follow Rule 56 and the procedures for resolving a disputed factual issue. But why couldn't the district court do an ad hoc sort of hearing that it did under Rule 41G? Because an ad hoc hearing does not allow the court to consider critical evidence that would be required to make credibility findings and other findings that support its order. The court read a few excerpts from deposition transcripts and found that the movement was not credible. And that finding is just cannot be, the law does not permit the court to make those types of credibility findings without an evidentiary hearing. That's what Rule 56 is designed to protect against. And so since admittedly this Rule 41 motion has been converted into the civil arena, now the civil rules apply. And short of trial, the court has to follow either 12B6, which has no application in this case, or Rule 56. And that's a process where movement would be able to list specifically the evidence upon which it claims that the issue of actual notice is disputed. And the movement would be provided an opportunity to conduct discovery and to try to show that there's a disputed issue of material fact. Movement was not provided that opportunity below. And regardless of the amount of the seizure, the procedure should afford him that right to put forth affirmative evidence by way of testimony as to whether or not he had actual notice of the forfeiture. I think the preliminary issue of both sides, as I understand it, agree that when a Rule 41G comes to the court, that it is treated as a civil issue with the usual process leading to possible summary judgment if it's not disposed earlier on the pleadings. There has to be a conversion done by the district court. But, yes, that's ultimately the route that the court would take. And that's consistent with the Fifth Circuit's case. Yes, provided that there is an order from the court converting it to summary judgment to allow for the rules of civil procedures to kick in. Okay. Have we made – have we in this circuit made a determination as to how a Rule 41G gets to become a civil proceeding? Well, the closest is the United States v. Ritchie decision. Yes. And the Ritchie decision remanded for further evidentiary proceedings because the court hadn't conducted those proceedings. Right. In Ritchie, it was 12 v. 6 context. But we haven't – we haven't decided the actual issue yet. So I assume this would be an issue of first impression. Yes, Your Honor. Articulated from this court. And has there been any cases in our sister circuits other than the Taylor case by Judge Jolly in the Fifth Circuit? Yes, Your Honor. There is. And as I'm digging for that, I do want to reserve a brief period of time to address the judicial estoppel argument, which I think is paramount here, because regardless of the actual notice issue, the forfeiture notice itself only referenced half of the property that the parties agreed at sentencing was the amount seized. You're actually out of time, but why don't you answer Judge Wallace's question, and then we'll give you a minute for rebuttal. Yes, Your Honor. For the conversion process, I believe the Swartberg decision, 339F3D1139, discusses the process of converting a case, and to answer the Court's question, that's footnote 10 of Muvin's reply brief. The ---- Footnote 10 of your reply brief? Yes, Your Honor. I'm not a big fan of footnotes, so I may have missed it. I apologize, Your Honor. I view that as a somewhat technical point in light of the fact that the government agrees the Court didn't follow some of the different procedures in this case. But, Your Honor, one of the things that I think before we even reach the issue of whether Muvin should be entitled to a trial on the actual notice issue is whether the government in the same case against the same person can take inconsistent positions regarding the amount of seizure. Because the government has slipped in for the very first time in opposition to the motion for reconsideration filed by Muvin, a claim that, in fact, only 490,000 had been seized from Muvin. The issue has always been framed as a $981,000 seizure. It never occurred to Muvin that the government would try to slice the amount seized in half, because the government had argued at sentencing in opposition to a habeas petition, and earlier in the case that, in fact, 981,000 had been seized, and the district court relied on that. The government wanted sentencing. And based on that finding, the district court sentenced Muvin and assessed a $4.5 million fine and a $4.5 million restitution order to the United States based on the $981,000 seizure. And now the government is changing the amount it claims was seized by half in an affair at a phase in the case where the evidence can't be tested. It was submitted in opposition to a motion for reconsideration, and it makes a mockery of the judicial process that has led to a finding, an affirmative finding, on the amount of the seizure. Thank you. Good morning. May it please the Court, Stephen R. Welk, Assistant U.S. Attorney for the Government. Also with me at the council table is Christopher Duncan, with Chief Counsel of the Office of Customs and Border Protection. I'd like to address the issue that Judge Wallace raised towards the end of defendant's argument, this question of whether this Court has addressed the issue of whether how this conversion happens, why a Rule 41 motion for return of property is treated as a civil proceeding, but more specifically whether this Court has addressed the issue of whether when there is a motion for return of property that is treated as a civil proceeding, the court, the district court, is required to hold a hearing in order to determine the evidentiary issues. I would start out by pointing out that there are three ways that a court can deal with a 41, a Rule 41G motion for return of property, a motion to dismiss by the government, a motion for the court can treat it as a motion for summary judgment, or if neither of those are available, the court can do what the court did here, determine the motion on the merits. Well, let me just explore that with you for a moment. The court says 41G is just simply not applicable, and it's the same situation in Ritchie, because there's no criminal proceeding that's pending. So by its terms, it's not applicable. And Ritchie says, well, in that case, we treat it just like a civil complaint under the Federal Rules of Civil Procedure, and so we go through the various stages. And that's what Ritchie said, you didn't do the summary judgment motion right and send it back. So here, as I read it, and I know that Ibrahim's counsel thinks otherwise, but as I read it, the district court said summary judgment, I deny that motion because there's a material issue of disputed fact about actual notice. Then he goes on, grants the government's request for depositions, and then has a ruling on the merits. Assuming we're under the Federal Rules of Civil Procedure, as Ritchie indicates, what rule would allow the district court to do that? Well, the answer to that question comes down to I'm not sure what rule allows the court to do that here. We don't know any rule that would allow the court to just make a determination on the merits without giving Mr. Ibrahim a chance to go through discovery and go through the process towards trial. This court has held in at least two unpublished cases that they don't cite a specific rule. What this court has done in the past has said a district court can decide a Rule 41G motion, pursuant to Rule 41G, in the same way that it decides a motion to suppress, by accepting the evidence that it needs to make a determination and then making that determination without the requirement of an evidentiary hearing or a trial. Isn't that inconsistent with Ritchie, which says we treat it as a civil complaint? Well, it no, because when one looks at the way this court has treated 41G motions, in my experience and in my research, it's very rare that motion, 41G motions, have a trial or an evidentiary hearing. They are generally determined on the basis of submissions of evidence by the parties and then the court makes a determination. And that's what happened in these two unpublished decisions that I found. I have to apologize for that, Your Honor. The defendant in this case, the movement, didn't mention this hearing requirement until his reply brief. So there's no mention of it in the opening brief, and that's why the government didn't address it in the answering brief. It did come up in the reply brief, but there's no authority cited in support of it. What I found in my research is that there is a – there are two unpublished decisions with Westlaw citations that do treat the issue, one of which is – has very similar facts to this case. And what those cases rely upon is – are published Ninth Circuit cases that talk about what the court is – was supposed to do with respect to a suppression hearing, and holding that in a suppression hearing, there is not a requirement that there be an evidentiary hearing if the court determines, the district court determines, that it has sufficient evidence to make a determination. So these published cases are ones where there really was a criminal proceeding pending. So the 41G or 41E motion was actually correct according to the terms of Rule 41. Is that correct? The – yes. The published cases did deal with pending.  Nevertheless, they adopted the – the 41G procedure. Correct. Is that correct? Yes, that is correct. So is that what you would be asking us to do as well, to adopt the 41G procedure even though Richie says that we're just in the world of federal rules of civil procedure? Yes. And the reason I would ask the court to do that is the government would point out that there's simply – there's no authority saying otherwise. There is authority from this court and from other courts saying that that's the way district courts should handle it, by accepting the evidence that it needs to make a determination and then weighing that evidence and making a decision based on that without the need for an evidentiary hearing. I've never – it's rather strange to me in the court system that the judge is going to weigh the evidence and make credibility determinations having never seen a person. That's very odd. That is unusual, Your Honor. I think that the facts in this case are important in that regard because the evidence that the government produced here on this issue of notice, actual notice, consisted of recordings of telephone conversations between Tamer Abraham and John Abraham, their own words, and their deposition testimony. So, yes, the conversations showed that he knows what a forfeiture is. And then you have deposition testimony where he swears under oath that he didn't get notice. Now, if that happened in a regular civil case, we wouldn't allow – we wouldn't allow that. We'd say there's a material fact in dispute. It has to go to a fact finder. But – and as I understand it, both sides have always said the regular civil procedures are to govern. That isn't the regular civil procedure. Here we've got a situation where there's a person who makes a statement under oath which the district judge says, I don't believe him, he's never seen him. That seems a very odd way of having a civil procedure. It seems to me that if the rules of civil procedure apply, and I assume they do, both sides tell us they do, that if it came before a judge and there was a summary judgment request and there's – under oath the individual is saying I didn't get notice, that's the very type of thing we have to have a trial on. So why wasn't a judge wrong here of balancing the evidence without even seeing the defendant? Well, the member – the first reason is this is an equitable proceeding. A motion for return of property is an equitable proceeding. The finder of fact in this situation was the district court. This district court was the same district court that handled Tamir Ibrahim's criminal case, and certainly had encountered Mr. Ibrahim at the sentencing in his criminal case. So this wasn't a situation where the judge had never seen the claimant. No, no, that's true. That's true. And he'd never seen him testify. Right. He'd never seen him under oath. And he'd never seen him make this statement under oath. Correct. That's also true. The other – the other point that I think Judge Ikuda was getting to earlier on was there were many, many opportunities here for Mr. Ibrahim to present some evidence in support of his claims here, in support of his original motion, replies. When the court – and the court – the district court did something a little odd. Normally in these cases, these 41G motions, the court treats the government's opposition as a motion for summary judgment and then makes that determination. The district court here actually treated the original motion as a motion for summary judgment and then denied it and called for evidence. So the district court made a call to the government and said, Government, produce evidence on this actual notice issue. I want to know what you have. The government did that, and that was an obvious opportunity in response to that, which the movement did respond to that with argument. Didn't submit any evidence in support of that. Then, after the motion was determined, the movement brought a motion for reconsideration. And nowhere in the motion for reconsideration does the movement argue, well, I was waiting for an evidentiary hearing or I was waiting for a trial, and here's what I would have done if I would have been given that opportunity. There's no mention of that in the papers. He does argue for an evidentiary hearing, doesn't he? Well, he asks for an evidentiary hearing, but he doesn't say, here's – here's what I would show at an evidentiary hearing or here's what I would have said. The witnesses to have been called, there's no mention who he would have – who he would have put up to testify. John Ibrahim died shortly after his deposition was taken, so he wouldn't have been available to testify. Tomer Ibrahim would have needed to be brought out of prison to – brought to court for this hearing. And given the fact that the court was looking at this movement's own words, one, he had no idea he was being recorded, apparently, and the other, where he was testifying under oath, there's simply no – given the extent of the evidence here, there's simply no reason to conclude that the district court would have gotten anything more meaningful from bringing Tomer Ibrahim into court and hearing him tell the same story that he told in his deposition, which apparently amounted to, I didn't know anything. That's all he had. So the idea that holding an evidentiary hearing for the purpose of him coming in and saying that, I didn't know anything, I never heard anything, would not have been a reasonable argument, not even for the movement. I would like to speak briefly, because it came up at the end there, about this estoppel issue. And I would just point out that, as detailed in our – in the government's brief, the purpose of judicial estoppel is to avoid frauds on the court. It's to avoid parties from misleading the court by taking one position and then taking another position later. There was no argument, and the transcript of the sentencing hearing is in the excerpts of record, there's no argument at the sentencing hearing about the amount of the seizure. And, in fact, while the movement claims that that was important to the district court, this amount of money seized, I think what's more important is the sentence immediately in the pre-sentence report, it's the excerpt of record on page 61, the sentence right before the one that mentions the amount of the seizure says that the defendant earned more than $10 million in the months prior to his capture and arrest from this drug trafficking that he was engaging in. If you add together the restitution amount of $4.5 million and the fine amount of $4.5 million, it lines up exactly with the amount of money that the PSR concluded was not seized, $9 million. That's the amount that the PSR concluded that the defendant got away with. So to suggest to – if you're going to look at what the court considered significant in the PSR, it's certainly more reasonable to conclude that the court considered that $10 million figure more significant than the faulty $977 million – $977,000 figure that was erroneous in the pre-sentence report. Would the defendant have the opportunity, assuming you're correct, that there was a mistake made and it was much less than that, and assuming that the district judge's sentence of him was based upon that amount, would he have a right now to reopen that through habeas or is his time lapsed? His time has lapsed, Your Honor, but because of the rather strange series of events here, the government would not oppose quorum nobis motion by the movement for that purpose, to have the district court reconsider the issue in light of the correct number. Thank you. Your Honor, very briefly on the issue that Judge Walsh just raised, the government has taken the position in opposition to movement's habeas corpus proceeding that because he's challenging a non-custodial part of the sentence in trying to reduce the fine and restitution amounts that were unequivocally based on the amount seizure set forth in the pre-sentence report, he is barred from doing that because 2255s don't permit challenges to non-custodial parts of sentences. And that motion for 2255 relief was denied while this motion for return of property was pending. With regard to the civil rules that apply to this now converted Rule 41 procedure, Your Honor is entirely correct that the civil discovery rules have to provide for the outcome. Credibility determinations in this case are paramount. And in the typical Rule 41 case that counsel cites might be the subject of some unpublished decisions, people are disputing all kinds of random things. But this is a case that centers around credibility findings, and it's not an issue of is a movement seeking the return of contraband or some uncontested issue. It's this case centers entirely around whether the fact that movement had actual notice of the forfeiture. His credibility is central to that finding. Without an evidentiary hearing, there's just no vehicle in the rules of civil procedure that would allow a district court to simply weigh evidence and declare an outcome. And thank you. This case is submitted. And the next case, Monera's Fialanita is submitted. Yes. Could we take a five-minute break? Of course. Sure.
judges: Wallace, Gould, Ikuta